UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE WILLIAMS,

                Plaintiff,

-against-                          24-CV-6968 (LJL)

NEW YORK CITY DEPARTMENT OF EDUCATION; RAQUEL PEVEY; DIONNE BELDERES; KATRINA GARCIA,       ORDER OF SERVICE

                Defendants.

LEWIS J. LIMAN, United States District Judge:

    Plaintiff, who is proceeding *pro se*, brings this action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, alleging that her employer discriminated against her based on her disability. By order dated September 18, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendants New York City Department of Education, Raquel Pevey, Dionne Belderes, and Katrina Garcia through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   November 6, 2024
         New York, New York

_____
LEWIS J. LIMAN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. New York City Department of Education
   Tweed Courthouse
   52 Chambers Street
   New York, New York 10007

2. Principal Raquel Pevey
   PS 25X
   811 East 149th Street
   Bronx, New York 10455

3. Assistant Principal Dionne Belderes
   PS 25X
   811 East 149th Street
   Bronx, New York 10455

4. Assistant Principal Katrina Garcia
   PS 25X
   811 East 149th Street
   Bronx, New York 10455